# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-4011 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| NDUDI ANIEMEKA, and, OBIAGELI ANIEMEKA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORADUM OPINION AND ORDER

The United States brings this suit against Defendants Ndudi and Obiageli Aniemka alleging that they participated in an alleged scheme to receive Medicare kickbacks and thereby violated the False Claims Act, 31 U.S.C. § 3729(a)(1). Currently before the Court is Defendants' amended motion to dismiss [50] the United States' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on statute of limitations and other grounds. For the reasons explained below, the Court denies the motion [50]. Additionally, the Court denies Defendants' motion for oral argument [63] as moot. The parties are directed to file a joint status report with a proposed discovery schedule no later than May 23, 2019.

### I. Background[1]

Dr. Ndudi Aniemeka, an Illinois-licensed physician, and his wife, Obiageli Aniemka, operate a medical office in Chicago. [1, ¶ 4.] Grand Home Health Care, Inc. ("Grand") provided home health services to Medicare beneficiaries and submitted these claims to Medicare for

---

[1] The Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007).

reimbursement, which it received. [*Id.* ¶ 26.] Nixon Encinares was a nurse and the past-president and 50% owner of Grand. [*Id.* ¶ 27.] Maria Buendia was also a nurse and a 50% owner of Grand. [*Id.*] On June 27, 2012, the United States indicted Encinares and Buendia for offering and paying kickbacks to induce the referral of patients to Grand for the furnishing of home health care services for which payment could be made in whole or in part through Medicare. [*Id.* ¶ 28.] Encinares and Buenida later pleaded guilty to conspiring to offer and pay kickbacks to various individuals in violation of 18 U.S.C. § 371 and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). [*Id.* ¶ 29.] The United States alleges that from February 24, 2009, to August 16, 2010, the Defendants accepted $98,550 in cash payments from Grand in exchange for referring patients to the company. [*Id.* ¶ 30.]

According to the Government, Defendants knew that (1) the patients they referred to Grand would receive home health services for which Grand would submit claims for reimbursement, [*Id.* ¶ 31], and (2) that Grand would use those funds to pay referral fees to Defendants. Based on those allegations, the United States brought a complaint against the Animekas on May 26, 2017, asserting that they violated the False Claims Act, 31 U.S.C. § 3729(a)(1), and were unjustly enriched when they obtained government funds to which they were not entitled, see generally [1].

On September 1, 2018, Defendants filed their first motion to dismiss. [39.] Shortly thereafter, Defendants sought leave to file and filed an amended motion to dismiss the complaint with prejudice. [46.] That motion became fully briefed on December 5, 2018. [55.] However, Defendants subsequently moved to supplement their reply [59], which the Court granted while also granting the United States leave to file a response to that supplement in light of Defendants assertions regarding the nature of their arguments. [62.] However, after Defendants filed a motion [63] for leave to file a further sur-reply and for oral argument in response to the Court's order, the

Court reversed course and struck the initial supplemental reply [59-1] and denied Defendants' motion [63] in part given Defendants' acknowledgment that the supplemental reply contained no new arguments. See [65]. The Court now resolves the motion to dismiss [46] and the remaining request for oral argument [63].

## II.   Legal Standard[2]

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task

---

[2]   While not specified in Defendants' motion, courts generally consider motions to dismiss for failure to meet the statutes of limitation under Rule 12(b), see, e.g., *Fed. Deposit Ins. Corp. v. Elmore*, 2013 WL 6185236, at *2 (N.D. Ill. Nov. 22, 2013), and Defendants have not provided any reason to do otherwise in this instance.

that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

**III.     Analysis**

   **A.     Statute of Limitations**

Defendants assert that the complaint must be dismissed with prejudice because the United States filed it more than a year after the expiration of the applicable statute of limitations. [46, ¶¶ 37–38.] The United States seeks to recover under the False Claims Act, as amended, 31 U.S.C. §§ 3729–33, and under common law theories of payment by mistake of fact, unjust enrichment, and fraud. [1, ¶ 1.] The FCA provides that an action may not be brought (1) more than 6 years after the date on which the violation of section 3729 is committed, (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, and (3) in no event more than 10 years after the date on which the violation is committed; whichever comes last. 31 U.S.C. § 3731.

The United States filed this suit on May 26, 2017. [1.] Given the alleged violations occurred between February 24, 2009, and August 16, 2010, Defendants assert that the claims against them are clearly untimely given the suit had to be filed no later than August 16, 2016. [46, ¶¶ 36–38.] The United States responds that the statute of limitations argument is premature, and that Defendants must wait until summary judgment to raise these arguments. In the alternative, the United States argues that (1) it timely filed its claims because the parties entered into a series of tolling agreements and (2) Defendants are barred by equitable estoppel from raising a statute of limitations argument.

B.     The Tolling Agreements

Defendants argue that (1) the Complaint is untimely on its face, (2) any tolling agreements were invalid, and (3) the Complaint failed to properly raise the tolling agreements or any other defense to explain how it could be timely. Settled Seventh Circuit law holds that a statute of limitations defense is an affirmative defense that a complaint need not anticipate or allege facts to defend against. *U.S. Gypsum Co. v. Indiana Gas Co., Inc. et al.,* 350 F.3d 623, 628 (7th Cir. 2003); see also *Barry Aviation, Inc. v. Land O' Lakes Mun. Airport Comm'n.,* 377 F.3d 682, 688 (7th Cir. 2004) (finding that the resolution of the statute of limitations comes after the complaint stage). The exception to this rule arises when the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009). In *Brooks*, for example, the Seventh Circuit concluded that it was appropriate to consider the statute of limitations at the motion to dismiss stage because "the relevant dates [we]re set forth unambiguously in the Complaint" and because the plaintiff's one substantive response to the defense was inapposite. *Id.* By contrast, in *Federal Deposit Insurance Corporation v. Elmore*, Judge St. Eve concluded that she could not resolve whether a case was filed outside the statute of limitations because the defendants had executed a tolling agreement with the FDIC prior to the expiration of the three-year federal period. 2013 WL 6185236, at * 3 (N.D. Ill. Nov. 22, 2013).

Here, Defendants affirmatively raised the existence of the tolling agreements in their motion to dismiss this action. See, e.g., [46, ¶¶ 4, 35]; [42-2 (Exhibit "*Tolling Agreement Summary*")]. Furthermore, the United States attached a copy of the most recently executed agreement, "the 2017 Tolling Agreement," to its response. See [50-1]. Thus, even if Defendants disputed whether the Court could take notice of that agreement—which purportedly tolled the statute of limitations from August 1, 2013, to May 31, 2017, [50-1, ¶ 4]—the Court could "take notice of the tolling agreement for the purpose of determining that the allegations of the Complaint

5

itself do not set forth everything necessary to satisfy Defendants' affirmative statute of limitations defense." *Elmore*, 2013 WL 6185236, at *3. See also *Brooks*, 578 F.3d at 579; *G.M. Harston Constr. Co., Inc. v. City of Chicago*, 2003 WL 22508172, at *3 (N.D. Ill. Nov. 4, 2003); *U.S. Commodity Futures Trad. Co. v. Turney & Assoc.* 2013 WL 4565690, at *2 (N.D. Ill. Aug. 21, 2013). Because the complaint itself does not set forth everything necessary to satisfy the Defendants' statute of limitations defense, the Court must deny Defendants' motion to dismiss the instant suit as untimely at this time.[3] If they so choose, Defendants may raise these arguments again in a motion for summary judgment.

C. **Witness Tampering**

Without citing to a single case to support their argument, Defendants assert that this case must be dismissed because a defendant in a related criminal case "engaged in nefarious and inappropriate conduct against the accused in this case." [46, ¶ 39.] Defendants assert that that individual must be barred from testifying because of her actions, and that because the United States cannot prove its case against the Defendants without her, the Court should dismiss the case. [*Id.*

---

[3] Because the Court has concluded that it cannot yet decide the merits of Defendants' statute of limitations defense, it does not address Defendants' argument that the tolling agreements they signed with the United States are invalid under Illinois law as contracts of adhesion, or the United States' argument that the doctrine of equitable estoppel should apply to preclude Defendants' from raising a defense that they allegedly agreed to waive. Additionally, the Court notes that the validity of the agreements would raise a question of fact as Illinois courts have recognized tolling agreements are generally valid, see, e.g., *McRaith v. BDO Seidman, LLP*, 909 N.E.2d 310, 329 (Ill. App. Ct. 2009). Defendants have not cited any precedent to the contrary. Instead, they assert that the tolling agreements are invalid because they were signed under duress and/or are unconscionable. See [54, at 4]. First, "[d]uress is a question of fact which must be resolved by the trier of fact," *Roper v. GTE Commc'n Sys. Corp.*, 1986 WL 8952, at *3 (N.D. Ill. Aug. 8, 1986). Second, as the Court has already noted, tolling agreements are conscionable, and Defendants have not pointed to any term of these particular agreements that would be invalid as a matter of law. Consequently, even if the Court reached Defendants' argument regarding the validity of the tolling agreements, it would face questions of fact unresolvable on a motion to dismiss under Rule 12(b)(6). And finally, even if the Court found the tolling agreements were invalid, it would still face questions of fact given the United States' assertion that equitable estoppel applies and forecloses Defendants from raising the statute of limitations defense. See *F.D.I.C. v. Kime*, 12 F. Supp. 3d 1113, 1119 (S.D. Ind. 2014) (noting "[e]quitable estoppel necessarily raises questions of fact."). All this to say, the resolution of Defendants' statute of limitations defense must wait until summary judgment at the earliest.

¶¶ 40–42.] Whether a witness should be prohibited from providing evidence is not a question that belongs in a motion to dismiss under Rule 12(b)(6), which only considers whether the allegations in the complaint are sufficiently plausible to state a claim against a defendant. See *Twombly*, 550 U.S. at 570 (to avoid dismissal under Rule 12(b)(6), a complaint simply must "state a claim to relief that is plausible on its face"). Rather, such a motion belongs in a motion to strike at summary judgment or a motion in limine just before trial. Consequently, the Court denies Defendants' motion to dismiss on this basis.

## IV. Conclusion

For the reasons explained above, the Court denies Defendants motion to dismiss [50]. Additionally, the Court denies Defendants' motion for oral argument [63] as moot. The parties are directed to file a joint status report with a proposed discovery schedule no later than May 23, 2019.

Dated: May 13, 2019

_____
Robert M. Dow, Jr.
United States District Judge