IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-4011 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| NDUDI ANIEMEKA and ) | |
| OBIAGELI ANIEMEKA, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

The United States ("Plaintiff") brings this suit against Ndudi and Obiageli Aniemeka ("Defendants"), alleging that they participated in a scheme to receive Medicare kickbacks in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1). The Court previously issued an order denying Defendants' motion to dismiss [68]. Defendants filed a motion for reconsideration of that order [103] and a motion for leave to file a motion for judgment on the pleadings [104]. For the reasons explained below, both motions [103; 104]—which seek essentially the same relief—are denied. As previously stated [see 108], fact discovery is to be completed within 90 days, *i.e.*, no later than June 14, 2021, unless an extension is necessary due to the pandemic or other circumstances that were unforeseen at the time of that order. The parties are directed to file a joint status report no later than June 28, 2021, that (a) confirms the completion of fact discovery, (b) advises the Court of any anticipated dispositive motions, and (c) provides an agreed briefing schedule on any such motions.

**I.     Background**

For a full factual background, the Court refers the reader to its prior memorandum opinion and order. [68, at 2–4]. In brief, Plaintiff alleges that between February 24, 2009, and August 16,

2010, Defendants accepted $98,550 in cash payments from a home health agency in exchange for referring patients to the agency, thereby violating § 3729(a)(1) of the False Claims Act ("FCA"). [1, at ¶¶ 30, 34]. Defendants moved to dismiss on statute-of-limitations grounds [46]. Relevant here, Defendants attached an affidavit from Defendant Obiageli Aniemeka, explaining that she signed a tolling agreement but that she did not do so willingly or understand the full consequences of the agreement. [46-2, at 2]. Defendants argued that the complaint was filed outside of the statute of limitations because the tolling agreements were unenforceable. [46, at 5–7]. Plaintiff responded that Defendants' argument was premature because it relies on information outside of the complaint. [50, at 5–7]. Plaintiff urged the Court to "disregard" the materials attached to the Defendants' motion. [*Id.*, at 4]. That said, Plaintiff also addressed the merits of Defendants' unenforceability arguments and attached a copy of a tolling agreement signed by Defendants. [50, at 7–12; 50-1].

In ruling on Defendants' motion, the Court explained that the statute of limitations is an affirmative defense that may be granted on a motion to dismiss only "when the 'allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" [68, at 5 (quoting *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009))]. It also noted that "Defendants affirmatively raised the existence of the tolling agreements in their motion to dismiss," and explained that "the Court could 'take notice of the tolling agreement for the purpose of determining that the allegations of the Complaint itself do not set forth everything necessary to satisfy Defendants' affirmative statute of limitations defense.'" [*Id.*, at 5–6 (quoting *Fed. Deposit Ins. Corp. v. Elmore*, 2013 WL 6185236, at *3 (N.D. Ill. Nov. 22, 2013))]. In support of this statement, the Court also cited to *Brooks*, 578 F.3d at 579. [*Id.*, at 6]. The Court concluded that the complaint did "not set forth everything necessary to satisfy the Defendants' statute of limitations defense"

2

and denied Defendants' motion to dismiss. [*Id.*]. Defendants then filed the motions at issue here: a motion for reconsideration [103] challenging the Court's ruling on their statute-of-limitations argument and a motion leave to file a motion for judgment on the pleadings [104] raising essentially the same statute-of-limitations argument.

**II.     Legal Standard**

Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Defendants motion for reconsideration. Under Rule 54(b), "any order or other decision [] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence." *Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); see also *Bhatia v. Vaswani*, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020). "Courts may grant Rule 59(e) motions 'to alter or amend the judgment if the movant presents newly discovered evidence that was not [previously] available * * * or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). Defendants do not present new evidence or argue that the Court's order was based on a manifest error of fact. Thus, to prevail on their motion for reconsideration, Defendants must "point[] to evidence in the record that clearly establishes a manifest error of law." *Id*.

3

"To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (quoting *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 357–58 (7th Cir. 2016)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether the complaint meets this standard, the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Defendants' motions are based on a statute-of-limitations argument. "[T]he statute of limitations is an affirmative defense and need not be addressed in the complaint." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (internal citation omitted). That said, "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks*, 578 F.3d at 579 (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). For example, a court may grant judgment on the pleadings if "the relevant dates are set forth unambiguously in the complaint." *Id.* When determining whether to grant such a motion, the question is not whether the plaintiff "allege[d] facts that tend to defeat affirmative defenses"; instead, the "right question is whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint." *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 628 (7th Cir. 2003) (reversing district court when it granted a judgment on statute-of-limitations grounds because the complaint "failed to show some injurious overt act within the limitations period" (internal quotation marks omitted)); see also *Nasrabadi v. Kameli*, 2019 WL

4

2173791, at *4 (N.D. Ill. May 20, 2019) ("As long as the Court can imagine a scenario in which the claim is timely, it is improper to dismiss it on the pleadings." (internal quotation marks omitted)).

### III. Analysis

The FCA provides that an action may not be brought (1) "more than 6 years after the date on which the violation of section 3729 is committed," (2) "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances," and (3) "in no event more than 10 years after the date on which the violation is committed," whichever comes last. 31 U.S.C. § 3731. The complaint, filed on May 26, 2017, alleges that Defendants accepted kickbacks between February 24, 2009, and August 16, 2010. [1, at ¶ 30]. Defendants argue that because May 26, 2017, is more than six years after August 16, 2010, the relevant dates for the statute-of-limitations defense are contained in the complaint, and that the Court was wrong to consider the existence of the tolling evidence when deciding otherwise.

As Defendants explain, the issue here is "whether [the] Court can refer to extraneous documents, specifically purported tolling documents, in order to conclude that all relevant dates are not set forth in the Complaint." [103, at 7]. Defendants answer this question "no" by (1) relying on the rules determining whether courts can consider documents outside of the complaint when ruling on a 12(b)(6) motion to dismiss, (2) arguing against the rule laid out in *U.S. Gypsum Co.*, 350 F.3d 623, and (3) contending that the court erroneously relied on *Brooks*, 578 F.3d 574, in its previous order.[1]

---

[1] Defendants also take issue with the Court considering the tolling agreements because Plaintiff "urged and urges [the] Court to *strike* the" agreements. [103, at 3]. However, this statement does not accurately characterize Plaintiff's argument in the context of Defendants' motion to dismiss. Defendants' initial motion argued that the complaint was untimely because the tolling agreements were invalid. [46, at 5–7].

5

Defendants first explain that, when ruling on Rule 12(b)(6) motions to dismiss, courts generally cannot consider documents outside of the complaint unless they are "referred to in the plaintiff's complaint and are *central* to [the plaintiff's] claim," *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (citation omitted), or if they are "public records" of which "courts may take judicial notice," *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015); see also [103, at 6–7, 9–10]. Here, as Defendants explain, the tolling agreements were not referred to in the complaint and are not public records. This, Defendants assert, is the end of the analysis. That is, they conclude that the Plaintiff should be held "accountable for the fatal shortfalls in [its] pleadings" and that it "should have drafted a better Complaint." [103, at 10]. This conclusion, however, runs afoul of both (1) the longstanding rule that plaintiffs are not required to anticipate affirmative defenses and (2) the Seventh Circuit's clear statement that, when assessing affirmative defenses, the question is "whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint."[2] *U.S. Gypsum Co.*, 350 F.3d at 628; see also *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 664 (7th Cir. 2011) ("Complaints can't

---

Plaintiff asserted that this argument "cannot be resolved at the motion to dismiss stage because it relies upon materials outside of the four corners of the complaint," and it asked the court to "disregard these materials in ruling on the motion to dismiss." [50, at 3–4]. Thus, it is not clear that Plaintiff objected to the Court considering the existence of the tolling agreement for all purposes. Instead, it appears to the Court that Plaintiff objected to the Court considering the validity of the tolling agreements at the motion-to-dismiss stage and fully intends to rely on their existence and validity at later stages of this case.

[2] This conclusion also does not address the Seventh Circuit's statement that "'[a] plaintiff need not put all of the essential facts in the complaint;' he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." *Help at Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001) (quoting *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992)). In this case, it is evident on the face of the complaint that this action was brought more than 6 years after the date on which the first violation of section 3729 is committed, begging the question of why the alleged wrongdoing is not time-barred. The obvious answer is the tolling agreement, which Obiageli Aniemeka acknowledges signing, but claims she did unwillingly and without understand the full consequences of the agreement. [46-2, at 2]. Given these circumstances, it is hardly surprising that Plaintiff did not plead facts related to the tolling agreement in the complaint. Moreover, any argument that the tolling agreement is invalid due to duress or mistake could not be resolved on the pleadings, either.

be dismissed just because they ignore potential defenses; the time to deal with an affirmative defense is after it has been raised.").

Defendants argue that *Gypsum* does not apply and that, even if it did, its call for courts to "imagine" should not be taken literally. Defendants argue that *Gypsum* does not apply because it "did not involve tolling agreements o[r] extraneous documentation" but rather involved a complicated antitrust claim. [103, at 4 & n.2]. However, the reasoning behind *Gypsum*'s rule was not tethered to any particular affirmative defense, and courts in this circuit have applied this rule in a variety of cases, see, *e.g.*, *Kluber Skahan & Assocs., Inc. v. Cordogen, Clark & Assoc., Inc*, 2009 WL 466812, at *11 (N.D. Ill. Feb. 25, 2009) (relying on *Gypsum* in considering breach of contract and tortious interference with contract claims); *Storey v. Ill. State Police*, 2006 WL 278168, at *2 (S.D. Ill. Feb. 2, 2006) (relying on *Gypsum* in discrimination case); *Smith v. Mekeel*, 2004 WL 1406142, at *1 (N.D. Ill. June 22, 2004) (relying on *Gypsum* in case involving a constitutional claim). Next, Defendants argue that *Gypsum*'s use of "imagine" is a mere rhetorical "flair," and that the actual rule the Seventh Circuit meant to articulate is that courts must "view pleadings in their totality." [127, at 5]. However, *Gypsum* decidedly does not state that when ruling on affirmative defenses, courts must only view the pleading in the totality, without other analysis. Instead, *Gypsum* states that "complaints need not allege facts that tend to defeat affirmative defenses." *U.S. Gypsum Co.*, 350 F.3d at 628. Courts should already view complaints as a whole, see, *e.g.*, *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015), and Plaintiff does not explain how *Gypsum*'s statement specific to affirmative defenses can be interpreted as only a recitation of this general rule. This Court is not willing to disregard circuit precedent by labelling it rhetorical "flair."

Last, Defendants take issue with this Court's citation to *Brooks* and the general absence of

7

on-point Seventh Circuit cases. As explained above, the Court cited to *Brooks* in a string of cases to support the following proposition:

> Thus, even if Defendants disputed whether the Court could take notice of that agreement—which purportedly tolled the statute of limitations from August 1, 2013, to May 31, 2017, [50-1, ¶ 4]—the Court could "take notice of the tolling agreement for the purpose of determining that the allegations of the Complaint itself do not set forth everything necessary to satisfy Defendants' affirmative statute of limitations defense." *Elmore*, 2013 WL 6185236, at *3. See also *Brooks*, 578 F.3d at 579; *G.M. Harston Constr. Co., Inc. v. City of Chicago*, 2003 WL 22508172, at *3 (N.D. Ill. Nov. 4, 2003); *U.S. Commodity Futures Trad. Co. v. Turney & Assoc.* 2013 WL 4565690, at *2 (N.D. Ill. Aug. 21, 2013).

Defendants characterize the Court's citation to *Brooks* as "befuddling because the *Brooks* decision says nothing of the sort that a court can make limited view of an extraneous document when ruling on a Rule 12 MTD." [103, at 8]. Defendants are correct that *Brooks* does not address the consideration of documents outside of the complaint. However, the Court did not cite *Brooks* as an example of a case that itself examined extraneous documents. Instead, the Court cited *Brooks* for its observation that "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *Lewis*, 411 F.3d at 842). The Court determined that, in this case, the complaint did not set forth everything necessary to satisfy the statute-of-limitations defense, and therefore—consistent with *Brooks*—the Court could not grant Defendants' motion to dismiss.

In making their *Brooks* argument, Defendants also contend that because there is no Seventh Circuit case where the court considered external documents in ruling on an affirmative-defense-based motion to dismiss, the Court lacks authority to consider the tolling agreements here. [102, at 8 n.3, 9; 127, at 2 & n.1]. It is true that the Court has not located a Seventh Circuit case in which the court considered external documents in ruling on an appeal of a motion to dismiss on statute-of-limitations grounds. That said, courts often must decide issues for which there is no precisely

8

controlling precedent, and the absence of precedent does not dictate the outcome in favor of one party or another except in rare circumstances such as qualified immunity. When faced with the issue raised here, district judges in this circuit have relied on the existence of tolling agreements to determine that the "allegations of the Complaint itself do not set forth everything necessary to satisfy Defendants' affirmative statute of limitations defense.'" *Elmore*, 2013 WL 6185236, at *3; see also *U.S. Commodity Futures Trading Comm'n v. Coleman Tunney & Assocs., P.C.*, 2013 WL 4565690, at *2 (N.D. Ill. Aug. 21, 2013) ("Because the existence of a tolling agreement between the parties is not inconsistent with the pleadings, this Court will consider the agreement in deciding this motion."); *G.M. Harston Const. Co. v. City of Chicago*, 2003 WL 22508172, at *3 (N.D. Ill. Nov. 4, 2003) ("The existence of a tolling agreement between the parties is not inconsistent with the pleadings, and so we consider the agreement in deciding this motion."). The Court agrees with this approach. To grant Defendants' motion to dismiss on statute-of-limitations grounds because the "complaint gives no indication the date would extend" [127, at 5] would require Plaintiff to allege facts to proactively defeat an affirmative defense. And on that issue, Seventh Circuit precedent is crystal clear. See, *e.g.*, *U.S. Gypsum Co.*, 350 F.3d at 628 ("[C]omplaints need not allege facts that tend to defeat affirmative defenses."); *Edgenet, Inc.*, 658 F.3d at 664 ("Complaints can't be dismissed just because they ignore potential defenses; the time to deal with an affirmative defense is after it has been raised."); *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses.").

In fact, for Defendants to prevail on their arguments, two rare circumstances would need to be present: (1) the Court could not imagine any scenario in which the complaint would be timely,

9

and (2) the Court would accept on the basis of a single, untested affidavit the argument that a tolling agreement was signed unwillingly and by a party who did not understand the document. Defendants may be able to prevail on these arguments at summary judgment. Still, there is an obvious scenario in which the complaint would be timely—namely, that the parties entered into a valid tolling agreement, which is hardly an unusual occurrence in civil or criminal litigation. And as long as that scenario exists, *Gypsum* holds that dismissal would not be proper at this stage of the case.[3]

Defendants' motion for leave to file a motion for judgment on the pleadings [104] includes an attached motion for judgment on the pleadings that relies on these same statute-of-limitations arguments, which fail for all of the reasons stated above. Therefore, this motion [104] is denied. As the Court explained in its previous order, Defendants may raise these arguments again in a motion for summary judgment. [68, at 6].

## IV. Conclusion

For the reasons explained above, Defendants' motion for reconsideration [103] and their motion for leave to file a motion for judgment on the pleadings [104] are denied. As previously stated [see 108], fact discovery is to be completed within 90 days, *i.e.*, no later than June 14, 2021, unless an extension is necessary due to the pandemic or other circumstances that were unforeseen at the time of that order. The parties are directed to file a joint status report no later than June 28, 2021, that (a) confirms the completion of fact discovery, (b) advises the Court of any anticipated dispositive motions, and (c) provides an agreed briefing schedule on any such motions.

---

[3] As Plaintiff notes, even if the Court were to dismiss the original complaint, Plaintiff easily could cure any deficiencies present in Defendants' view of the relevant law by filing an amended complaint setting out the Government's version of the origin and duration of the tolling agreement.

Dated: March 12, 2021

_____
Robert M. Dow, Jr.
United States District Judge